UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID NICHOLSON,

Plaintiff,

v.

CHIME BANKING,

Defendant.

Case No. 22-cv-05368-HSG

**ORDER OF DISMISSAL**

Plaintiff, an inmate housed at Jackson Correctional Institution, in Malone, Florida, has filed this *pro se* action against Chime Banking. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1   grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
2   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,
3   the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).
4   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a
5   cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
7   (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
8   the alleged violation was committed by a person acting under the color of state law. *See West v.*
9   *Atkins*, 487 U.S. 42, 48 (1988).

**B.   Complaint**

The complaint makes the following allegations. In or about May or June 2020, Plaintiff opened an account with Chime Banking via its online platform. In December 2020, Chime sent an email to customers regarding its policy on closed accounts. The email stated that all funds in closed accounts would be forwarded by mail. At the time his account was closed, Plaintiff had $3,000 left in the account. Plaintiff has yet to receive the $3,000 remaining in his account. Plaintiff now resides in Florida.

Plaintiff specifies that he is bringing a suit "pursuant to California law for civil action." Dkt. No. 1 at 1. He argues that the Court has jurisdiction because the events took place in San Francisco. *Id.*

**C.   Dismissal Without Leave to Amend**

The Court DISMISSES this action without leave to amend for lack of federal jurisdiction. This district may be the proper venue for this action if *inter alia* the relevant events took place here. *See* 28 U.S.C. § 1391(b) (venue for civil action is proper in judicial district in which substantial part of events or omissions giving rise to claim occurred). However, for a case to be heard in any federal court, the plaintiff must first establish federal jurisdiction. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, federal subject matter jurisdiction exists due to the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.

Plaintiff does not allege a federal question and has specified that he is seeking relief pursuant to California law.  In cases arising out of diversity jurisdiction, such as the present case, district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).  The party seeking to prove federal jurisdiction bears the burden of establishing it.  *See, e.g., McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936) ( "the party who seeks the exercise of jurisdiction in his favor . . . must allege in his pleading the facts essential to show jurisdiction").  Here, diversity jurisdiction is lack because the amount in controversy is $3,000.00, far below the $75,000 requirement.

This action is dismissed for lack of federal question jurisdiction.  The dismissal is without leave to amend because amendment would be futile.  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (futility of amendment is basis for denial of leave to amend).

### CONCLUSION

For the foregoing reasons, the Court DISMISSES this action without leave to amend.  The Clerk shall terminate all pending motions as moot, enter judgment in favor of Defendant and against Plaintiff, and close the case.

**IT IS SO ORDERED.**

Dated: 1/27/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge